IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAWANA KESHUN JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 2:13-cv-8045-VEH-JHE |
| | ) | CRIMINAL NO. 2:09-cr-0453-VEH-JHE |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

The movant, Jawana Keshun Jackson, was convicted in this court on February 2, 2010, on her plea of guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2). Pursuant to the plea agreement, Jackson waived her right to appeal or to seek post-conviction relief.

Jackson was sentenced on November 4, 2010, to a term of imprisonment for a total of 166 months, to be followed by a 60-month term of supervised release. Judgment was entered on November 5, 2010. Jackson did not appeal the conviction or sentence.

On March 28, 2012, Jackson filed a § 2255 motion to vacate, set aside, or correct the sentence. *Jackson v. United States*, 2:12-cv-8014-VEH-RRA. The motion to vacate was denied and dismissed on June 6, 2012, as being untimely filed.

Jackson filed a second challenge to her conviction and sentence August 2, 2012. *Jackson v. United States*, 2:12-cv-8030-VEH-RRA. Although she entitled the challenge a "Motion for Sentence Reduction via Rule 60(b)," it was docketed as a § 2255 motion to vacate because Jackson admitted

in the motion that she sought to challenge her conviction and sentence via Rule 60(b) because she was barred by the statute of limitations from challenging it in a § 2255 motion to vacate.  The court denied the motion on April 18, 2013, finding that, to the extent the motion was filed pursuant to Rule 60(b), it was due to be denied because this court does not have jurisdiction in a criminal case to hear motions filed pursuant to Rule 60(b), and to the extent it was filed pursuant to § 2255, it was due to be denied because this court does not have jurisdiction to consider a successive § 2255 motion in the absence of authorization from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A).  Jackson filed a notice of appeal on May 10, 2013.  The Eleventh Circuit Court of Appeals dismissed Jackson's appeal on August 21, 2013, for failure to prosecute.

Jackson filed the current motion on September 19, 2013.  Jackson entitled her motion "Motion for Leave to File a Supplement to the Motion to Proceed under a Habeas Corpus Based on a Claim of Actual Innocence."  In support of her motion, Jackson asks the court to vacate her sentence in light of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and to resentence her to a lesser sentence.  Because Jackson once again seeks relief that is available only pursuant to 28 U.S.C. § 2255, the motion is being construed as a motion filed pursuant to 28 U.S.C. § 2255.

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") made several changes in the law relating to habeas corpus procedure.  The AEDPA amended 28 U.S.C. § 2244 to read in part, as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and except as provided in section 2255.
> . . .

> (b)(3)(A) Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" motion to vacate, requiring the applicant to obtain the authorization of the appropriate court of appeals (in this case the United States Court of Appeals for the Eleventh Circuit) before the motion is filed in the district court. The purpose of the statute is to prevent the filing of successive motions and to deprive the district court of jurisdiction to consider successive motions unless and until such consideration has been authorized by the appropriate court of appeals. Such authorization is required even if the decision in *Alleyne* creates a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[1] 28 U.S.C. § 2255(h)(2). These AEDPA-added restrictions on successive motions apply to a second motion even if the first motion was denied prior to the effective date of the AEDPA. *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997).

---

[1] The court notes that the Supreme Court has not declared that the new rule in *Alleyne* is retroactive on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in *Alleyne* was not made retroactively applicable on collateral review, and *Alleyne* is an extension of *Apprendi*, which itself is not retroactive); *accord*, *In re Payne*, No. 13–5103, 2013 WL 5200425 at *1-2 (10th Cir. Sept.17, 2013).

Jackson has offered nothing to indicate that she has obtained authorization from the Eleventh Circuit Court of Appeals to bring a successive motion to vacate before this court. Thus, the motion to vacate is due to be **DENIED** and **DISMISSED** pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive motion to obtain an order from the court of appeals, authorizing the district court to consider the motion.[2] An appropriate order will be entered.

**DONE** this 17th day of October, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] If the movant obtains the required order allowing her to file a successive petition, she may re-file her motion in this court. The movant should note, however, that even if she obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive motion, her motion could be barred by the one-year statute of limitations created by the AEDPA.